# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| STEVEN MINOR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 3:18-cv-00396 |
| DANIEL BINKLEY, et al., | ) ) | JUDGE CAMPBELL |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

Plaintiff Steven Minor, an inmate of the Montgomery County Jail in Clarksville, Tennessee, has filed a pro se complaint for alleged violation of his civil rights pursuant to 42 U.S.C. § 1983, which he has supplemented with a separate filing. (Docs. No. 1, 5.) He has also filed an application to proceed in district court without prepaying fees and costs ("IFP application"), which he has supplemented with copies of receipts from the jail that reflect his account balance there. (Docs. No. 2, 6.) The case is before the Court for a ruling on the IFP application and for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Ordinarily, the Court will not consider an IFP application unless it is signed and notarized by an appropriate corrections official as set forth in Administrative Order 93, and accompanied by a certified copy of the plaintiff's trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint, obtained

from the appropriate official at each facility in which the plaintiff has been confined during that 6-month period. 28 U.S.C. § 1915(a)(2). Plaintiff's IFP application does not comply with those requirements, but his supplemental IFP filing indicates that he has tried and been unable to get jail staff to provide the necessary statement and signature. (Doc. No. 6 at 8.) He has also filed copies of several jail receipts that establish that he is being provided with "indigent packs" at no charge in jail, and that on several dates since December 2017 his inmate balance has ranged from 15 cents to 29 cents. (Doc. No. 6 at 4–7.) Under the circumstances, Plaintiff's IFP application (Docs. No. 2, 6) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff must still pay the $350.00 civil filing fee in installments. The administrator of the facility in which Plaintiff is currently incarcerated, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the administrator of the Montgomery County Jail to ensure payment of the filing fee. If Plaintiff is transferred from his present place of confinement before the fee is paid in full, the custodian must ensure that a copy of this Order follows him to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the

United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

B.     **Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on March 4, 2016, as he was trying to collect his belongings to vacate a woman's home as required by a no-contact order, the woman initiated an argument and ultimately stabbed him in the abdomen several times. (Doc. No. 5 at 1.) The police arrived while or soon after Plaintiff was being stabbed, but rather than fully investigate the incident they immediately placed him in handcuffs and took him into custody. (Doc. No. 5 at 1–2.) Plaintiff was bleeding and shaking and told Defendant Binkley, one of the officers on the scene, that he had been stabbed, but Binkley refused him any medical care. (Doc. No. 1 at 7; Doc. No. 5 at 2.) Plaintiff continued to plead with the other officers on the scene – Defendants Terry, Rosencrants, and Hendricks – for medical help, and repeatedly "blacked out" on the ride to the jail, but the officers ignored him. (Doc. No. 1 at 2–3; Doc. No. 5 at 2.) When Plaintiff arrived at the jail and complained of his

3

injuries to the staff there, they replied "I know it hurts, you just need to keep it clean." (Doc. No. 5 at 2.) He did not receive treatment until two weeks later, when he was given medication that he only took for one week because it caused more uncomfortable side effects than relief. (*Id.*)

Plaintiff also alleges that the officers violated his constitutional rights by racially profiling him and not fully investigating the incident or arresting the woman who stabbed him. (Doc. No. 1 at 7.) He says that he was the true victim on that day, but that the officers did not confiscate his attacker's knife, take any photos, or arrest her. (Doc. No. 5 at 2.) He seeks $250,000 in damages from each Defendant, and asks to have "Officer Binkley charged with perjury." (Doc. No. 1 at 8.)

Plaintiff's lawsuit is clearly barred by the applicable statute of limitations.[1] The statute of limitations that applies to Section 1983 actions arising in Tennessee is one year. Tenn. Code Ann. § 28-3-104(a); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Plaintiff's claim against the named Defendants for violation of his constitutional right to medical care could not have accrued any later than March 4, 2016, the date on which they briefly held him in custody before depositing him at the jail.[2] Likewise, the limitations period on any claim Plaintiff had against the officers for false arrest began to run on or within days of his arrest, and the statute of limitations proceeded to run from that point without being tolled by his prosecution or subsequent conviction. *Wallace v. Kato*, 549 U.S. 384, 390, 392–95 (2007) (rejecting the argument that *Heck v. Humphrey*, 512 U.S. 477 (1994), delays accrual of claim for unlawful arrest and holding that limitations period for such claim began to run as soon as plaintiff appeared before magistrate and was bound over

---

[1] Although the statute of limitations is an affirmative defense, district courts may apply it *sua sponte* on initial review where the defense is obvious from the face of the complaint. *Stephens v. Corr. Med. Servs.*, No. 3:04 CV P596 H, 2006 WL 2734432, at *3 (W.D. Ky. Sept. 21, 2006) (citing *Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

[2] Plaintiff has not named any of the jail staff as defendants or expressly alleged that they were indifferent to his serious medical needs. Even if he had, the facts he alleges are still confined to the period of March 2016, more than two years before he filed his complaint.

for trial) [3]; *Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007) (applying *Wallace* to hold claims for excessive force and unlawful arrest barred by statute of limitations). Under the prison mailbox rule, Plaintiff's complaint is deemed filed on April 20, 2018, the day on which he signed it and presumably deposited it in the prison mail room for filing. (Doc. No. 1 at 9.) Accordingly, Plaintiff filed his lawsuit more than a year too late.

Finally, to the extent that Plaintiff's complaint might be construed to allege an ongoing violation of his constitutional right to have his attacker arrested or prosecuted, no such right exists. *Napier v. Baron*, 198 F.3d 246, 1999 WL 1045169 (6th Cir. Nov. 9, 1999) ("[C]ontrary to Napier's belief, he does not have a constitutional right to have a particular person criminally charged and prosecuted.")

### C. CONCLUSION

For the reasons explained above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[3] The Tennessee Rules of Criminal Procedure require that a preliminary hearing be held within 10 days if the defendant is in custody, as Plaintiff's complaint indicates he was. See Tenn. R. Crim. P. (d)(3).

5